187 So. 456

**DOLLAR v. STATE ex rel. SIVLEY.**

7 Div. 528.

Supreme Court of Alabama.

March 16, 1939.

L. B. Rainey and John R. Robinson, both of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for appellee.

BOULDIN, Justice.

Among the grounds of impeachment of a public officer specified in Section 173 of the Constitution of Alabama is this: "Intemperance in the use of intoxicating liquors or narcotics to such an extent, in view of the dignity of the office and importance of its duties, as unfits the officer for the discharge of such duties."

This applies to county as well as state officers. Constitution, § 175.

These words were substituted for the words "habitual drunkenness" in the Constitution of 1875, Section 1, Article 7. This change followed the definition of "habitual drunkenness" as a ground for removal from office in the cases of State ex rel. Attorney General v. Savage, 89 Ala. 1, 7 So. 7, 183, 7 L.R.A. 426, and State ex rel. Attorney General v. Robinson, 111 Ala. 482, 20 So. 30.

The effect of this change, with a full discussion of meaning and policy of the present provision are found in State ex rel. Attorney General v. Latham, Sheriff, 174 Ala. 281, 61 So. 351, and State ex rel. Attorney General v. Pratt, Judge, 192 Ala. 118, 68 So. 255, Ann.Cas.1917D, 990.

We need not repeat or elaborate on the holding of these cases.

The carefully worded provision of the Constitution itself supplies its own interpretation. Its application in the particular case is the main task of the courts.

Charge 1, Specification 5, of the information, upon which the appellant was found guilty, reads: "That the said L. E. Dollar, after the commencement of his present term of office as such member of the Board of Revenue of Etowah County, Alabama, from the 3rd district of said County, and before the making of said report of said Grand Jury, was guilty of intemperance in the use of intoxicating liquors to such an extent in view of the dignity of his said office and importance of its duties as unfits him for the discharge of such duties."

Motion was made to strike this specification on the ground that it was not supported by the report of the grand jury upon which the impeachment proceedings were instituted.

This report, made exhibit to the information, sets forth a finding in the language of the Constitution as one of the alternative grounds upon which impeachment was recommended. Then follows specific findings, among them, that the officer, pending his term of office, had become an "habitual drunkard."

■ The legal definition of habitual drunkenness as an impairment of the moral, mental or physical powers so as to render the officer subject to impeachment was fully treated in the cases above cited. The same character of proof was required as under the present Constitution, and somewhat fuller proof, as declared in State v. Robinson, supra. A charge of habitual drunkenness is inclusive of intemperance to the extent defined in the present Constitution. State v. Pratt, supra.

■■ The report of the grand jury, as a basis for an information, need not be technically accurate. If there be a clear finding of one or more legal grounds for impeachment in substance and effect, an information charging the same grounds, but couched in the more fitting terms of the law is permissible and proper. We are of opinion there was no error in denying the motion to strike.

■ A charge or specification in the language of the Constitution on the question of intemperance is sufficient against demurrer. The Constitution specifies the state of facts to be proven in such case, advises the accused of the line of evidence to be proven, and enables him to prepare his defense. It is quite different from a charge of corruption in office or an offense involving moral turpitude wherein the matter complained of must be set forth with sufficient certainty to advise the officer of the alleged misconduct he must prepare to defend. State v. Savage, supra.

■ The evidence presented on the trial was mainly directed to this charge, and the argument here is directed to the sufficiency of such evidence to support the verdict. A motion for new trial raising this question was overruled. Unfitness to discharge the duties of the office because of intemperance in the use of intoxicants is to be tested in view of two considerations: (1) The dignity of the office. (2) The importance of its duties.

A member of the Board of Revenue of Etowah County is one of the governing body of the county. Among the duties of this governing body is the location, construction and maintenance of the public roads and bridges of the county. In this regard it is invested with legislative, executive and judicial powers. In Etowah County, appellant, as a member of the Board of Revenue, had personal supervision of road construction and maintenance of the roads in his district, one of four in the county. He hired and fired laborers, supervised the operation of road machinery, procured road materials, looked after supplies, and generally supervised operations involving large outlays of public funds. He came in personal contact with the crews of men, with owners of chirt beds, with those seeking to sell supplies, etc.

It is without dispute that appellant was always sober when attending meetings of the Board of Revenue, and there was no evidence of non-attendance because of drunkenness. Evidence for defendant was to the effect that the roads in his district were in good condition when the report of the grand jury was returned. The State did not controvert this fact. It is insisted these facts negative any ground for impeachment because of intemperance. If this were all, appellant's conviction was improper and should be reversed.

Evidence, however, on the part of the State tended to show defendant was drunk at sundry times while on duty as supervisor of road works, while in contact with road crews, and with citizens; once at a home adjoining a chirt pit; gave an absurd order touching grading which the men ignored; promoted or encouraged Kangaroo Courts where employees were fined for real or fanciful indiscretions as a means of procuring a supply of beer; threatened to discharge an employee if he did not pay for a case of beer pursuant to the orders of such court; while drunk engaged in a fight; was drunk and disorderly on the public streets; drove an automobile on the public highway while intoxicated; was twice arrested and put in jail for the two last named offenses.

All these occurrences, if believed to be true, indicate such excessive and recurring use of intoxicants, as to involve hazard to workers, to citizens, and to the county by way of expenditures, while in the execution of the important public duties of his office. They breed distrust, lessen respect for authority, and bring government administration into disrepute.

We have held the dignity of office varies with the grade of the office and the nature of its duties. State v. Pratt, supra.

A measure of dignity, however, should be accorded to every public office, and a consequent sense of responsibility on the part of the incumbent.

The responsible duties attaching to the office here involved should command the services of capable, vigilant men worthy of the respect and confidence of the people they serve.

This cause was tried by a jury; they were the judges of the credibility of witnesses. The same presumption is to be indulged in favor of their verdict, as in every case wherein the evidence should convince beyond a reasonable doubt.

We are not trying the case de novo as in impeachment cases instituted in this court as per constitutional mandate.

We find no sufficient ground to reverse the judgment removing appellant from office.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.